

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-19-2008

# USA v. Martinez-Santiago

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3181

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Martinez-Santiago" (2008). *2008 Decisions*. Paper 1582.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1582

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3181

UNITED STATES OF AMERICA

v.

CARLOS MARTINEZ-SANTIAGO,
                                                    Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 05-cr-0368
(Honorable Michael M. Baylson)

Argued November 7, 2007
Before:  SCIRICA, *Chief Judge*, AMBRO and JORDAN, *Circuit Judges*.

(Filed February 19, 2008)

Michael D. Raffaele, Esquire (Argued)
Robert Epstein, Esquire
Defender Association of Philadelphia
Federal Court Division
The Curtis Center, Suite 540 West
601 Walnut Street
Philadelphia, Pennsylvania 19106
          Attorneys for Appellant

K. Kenneth Brown II, Esquire (Argued)
Office of District Attorney
Lancaster County Courthouse
50 North Duke Street
Lancaster, Pennsylvania 17608

Robert A. Zauzmer, Esquire
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19106
        Attorneys for Appellee

---

OPINION OF THE COURT

---

SCIRICA, *Chief Judge*.

Carlos Martinez-Santiago appeals his sentence, specifically the District Court's decision to apply a U.S.S.G. § 3C1.2 two-level sentencing enhancement, raising his offense level to 24. Martinez-Santiago contends the enhancement was not merited given the circumstances surrounding his flight and arrest. He also contends the imposition of both U.S.S.G. § 3C1.2 and 18 U.S.C. § 924(c) constitutes double-counting of the same underlying conduct. We will affirm.[1]

On September 14, 2007, Martinez-Santiago robbed a bank at gunpoint, pointing his firearm at tellers and customers while fleeing.[2] Police officers located Martinez-Santiago in the rear of an alley two blocks from the bank during a search of the area.

---

[1]The District Court had subject matter jurisdiction over the criminal prosecution of the violations of federal law under 18 U.S.C. § 3231. This court has jurisdiction under 28 U.S.C. § 1291, following the timely notice of appeal from the order of judgment.

[2]An abbreviated version of the facts is presented because the appeal only addresses Martinez-Santiago's conduct following the 9/14/07 bank robbery. Martinez-Santiago was also tried and convicted for an armed bank robbery on 9/10/07, but the facts surrounding the earlier robbery are not relevant to this appeal.

Martinez-Santiago was crouched on a metal fire escape near a window with the gun in his hand. The police officers ordered Martinez-Santiago to drop his gun, but he refused. Martinez-Santiago pointed his handgun at the pursuing officers, who then fired three shots at him. No one was injured. Martinez-Santiago dropped the firearm and was arrested. The recovered firearm was not loaded. During the incident, the police officers were positioned toward the front of the alley and Martinez-Santiago toward the rear - no one else was present. The two officers firing weapons were standing near one another.

A jury found Martinez-Santiago guilty of five counts relating to the robberies.[3] Count Four, the subject of this appeal, was for using and carrying a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1). The Presentence Investigative Report determined Martinez-Santiago's sentencing range as follows: a base level offense of 20 under U.S.S.G. § 2B3.1(a), two levels added for theft of financial institution property, and an additional two-level enhancement under U.S.S.G. § 3C1.2, raising the total offense level to 24. This calculation placed Martinez-Santiago's sentencing range between 63 and 78 months. Including the mandatory seven-year sentence under 18 U.S.C. § 924(c)(1), his final adjusted range was 147-168 months. The District Court imposed a sentence of 160 months.

---

[3]Counts One and Three were for armed bank robbery. Counts Two and Four were for using and carrying a firearm during and in relation to a crime of violence, and Count Five was for possession of a firearm by a convicted felon. Martinez-Santiago was granted a new trial as to Counts One and Two, pertaining to the 9/10/07 bank robbery.

U.S.S.G. § 3C1.2 applies where the defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." "Another person" includes any person other than the defendant or willing participant in the flight. U.S.S.G. § 3C1.2,cmt. n.4. This includes pursuing police officers as well as members of the general public. A defendant is responsible for his own conduct and for conduct that he aided or abetted, counseled, commanded, induced, procured, or wilfully caused. U.S.S.G. § 3C1.2, cmt. n.5.

The District Court found Martinez-Santiago's use of his gun - brandishing and threatening police officers with it - increased the risk to police officers and to public safety. The gun's status as loaded or unloaded was irrelevant in this consideration. We exercise plenary review over the District Court's interpretation of the Sentencing Guidelines, and review factual findings for clear error. *United States v. Grier*, 475 F.3d 556, 561 (3d Cir. 2007) (en banc).

When ordered to drop his gun, Martinez-Santiago refused. Instead, he raised his weapon and pointed it at police officers. The police officers fired three shots at him. Inducing police gunfire in a public area creates a substantial risk of death or serious bodily injury. The fact that defendant's gun was unloaded did not diminish this risk. The police officers did not know Martinez-Santiago's gun was unloaded, and fired when he raised his weapon. As noted, this induced gunfire created a substantial risk of death or

4

severe bodily injury, whether or not Martinez-Santiago's gun was loaded, to the police officers and to the general public.

Martinez-Santiago contends U.S.S.G. § 3C1.2 was inapplicable because "another person" was not at risk, that is, he was the only person at risk of being shot. But the danger to the police and the public was still present. When Martinez-Santiago induced the police to draw their weapons and shoot, the officers were at risk of misfire, crossfire, and ricochet. Moreover, Martinez-Santiago's conduct placed the public in danger of stray gunfire. U.S.S.G. § 3C1.2 does not require actual injury, only substantial risk of injury. The two-level enhancement under U.S.S.G. § 3C1.2 was proper.

Martinez-Santiago also argues application of both U.S.S.G. § 3C1.2 and 18 U.S.C. § 924(c) was prohibited as double-counting of the same underlying conduct.[4] Application of 18 U.S.C. § 924(c) is proper where a firearm is used during a crime of violence, while application of U.S.S.G. § 3C1.2 is proper where reckless endangerment is created during flight. The conduct here that triggered application of 18 U.S.C. § 924(c), the underlying offense, was separate from that which warranted enhancement under U.S.S.G. § 3C1.2. Martinez-Santiago committed armed robbery, brandishing his gun and using it to threaten bank tellers and customers. During flight, Martinez-Santiago brandished his gun at police

---

[4]Double-counting is prohibited by U.S.S.G. § 2K2.4, cmt. n.4, which provides, "[if] a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense."

5

officers and pointed the weapon at them, inducing return fire.  These two courses of action are distinct and separate.  We see no error.

For the foregoing reasons, we will affirm the judgment of sentence.